UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR RODAS,<br><br>        Plaintiff,<br><br>  v.<br><br>CREDITORS SPECIALTY SERVICE, INC., et al.,<br><br>        Defendants. | No.  2:11-cv-209-JAM-DAD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT OR IN THE ALTERNATIVE TO COMPEL RESPONSES TO POST-JUDGMENT DISCOVERY** |

    Presently before the Court is Plaintiff Victor Rodas's ("Plaintiff") Motion to Enforce Settlement or in the Alternative to Compel Responses to Post-Judgment Discovery (Doc. #57).[1] Defendant Creditors Specialty Service, Inc. ("Defendant") opposes the motion (Doc. #59) and Plaintiff replied (Doc. #61).

    This action stems from Plaintiff's allegations that Defendant violated the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.  Plaintiff accepted Defendant's offer of judgment on December 11, 2012 (Doc. #48) and successfully moved for attorneys' fees (Doc. #52).  The parties agree that

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 24, 2013.

1

1 Plaintiff is entitled to payment in the amount of $17,000 –
2 $2,000 for the statutory claims pursuant to the settlement and
3 $15,000 for attorneys' fees.
4     In an attempt to enforce the settlement and collect on the
5 judgment, Plaintiff served post-judgment discovery requests on
6 Defendant's counsel on March 13, 2013.  Plaintiff received no
7 response to his discovery requests and the judgment remains
8 unpaid.  Plaintiff brought the present motion to obtain a court
9 order directing Defendant to pay the judgment or, in the
10 alternative, compel responses to Plaintiff's discovery requests.
11     Defendant opposes the motion on the grounds that the
12 judgment needs to be enforced directly against the judgment
13 debtor, which means that all post-judgment discovery must be
14 served directly on Defendant, not Defendant's counsel.  Defendant
15 does not dispute that the judgment is otherwise valid and
16 enforceable, but argues that Plaintiff must proceed through a
17 writ of execution under Federal Rule of Civil Procedure 69(a) and
18 California law, which he has not done.  Plaintiff responds that
19 under both the federal rules and California law, post-judgment
20 discovery is properly served on a judgment debtor's counsel.
21     Under the Federal Rules of Civil Procedure, "[a] money
22 judgment is enforced by a writ of execution . . . .  The
23 procedure on execution . . . must accord with the procedure of
24 the state where the court is located . . . ."  Fed. R. Civ. P.
25 69(a)(1).  Post-judgment discovery may be sought in accordance
26 with the federal rules or state law.  Fed. R. Civ. P. 69(a)(2).
27 "[W]here state rules of practice and procedure do not specify the
28 method of service in supplementary proceedings [under Rule 69],

1 the federal rules govern." Cerami v. Robinson, 85 F.R.D. 371,
2 372-73 (S.D.N.Y. 1980) (citing Rumsey v. George E. Failing Co.,
3 333 F.2d 960, 962 (10th Cir. 1964)). In California, the Code of
4 Civil Procedure sections that govern post-judgment service of
5 process require service directly to the judgment debtor instead
6 of the attorney for the judgment debtor. Cal. Civ. Proc. Code
7 § 684.020(a).

8 In this case, it is clear that California has a specific
9 process that governs service of all post-judgment papers,
10 requiring that they be served on the judgment debtor directly.
11 Since California has a specific rule, Federal Rule of Civil
12 Procedure 5, which requires service on the judgment debtor's
13 attorney of record, is inapplicable. Cerami, 85 F.R.D. at 372-
14 73. Plaintiff also argues that under California Code of Civil
15 Procedure § 684.010, post-judgment papers must be served on a
16 party's attorney. That section, however, only applies to the
17 attorney for the judgment creditor, but Defendant is the judgment
18 debtor in this case. Because the discovery requests were not
19 properly served, there is accordingly no basis upon which to
20 compel Defendant's response.

21 Plaintiff's motion is not supported by citation to
22 applicable authority so it is accordingly DENIED. Plaintiff must
23 enforce his judgment in accordance with Federal Rule of Civil
24 Procedure 69 and the relevant California statutes.
25 IT IS SO ORDERED.
26 Dated: August 2, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE